In the Matter of E. LAWRENCE BRASS (Admitted as ERWIN L. BRASS), an Attorney, Resignor.

Second Department, October 10, 1989

## APPEARANCES OF COUNSEL

*John Joseph Sutter* for resignor.

*Frank A. Finnerty, Jr. (Muriel L. Gennosa* of counsel), for the Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

E. Lawrence Brass has submitted an affidavit dated May 15, 1989, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Brass was admitted to the practice of law by this court on June 22, 1949, under the name Erwin L. Brass.

Mr. Brass acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District concerning allegations that in March 1987 he received a deposit of $11,550 to be held in escrow until the closing of title on a premises being purchased from the resignor's cli-

ents; that the resignor deposited these funds into his "special account" and thereafter converted said funds to his own use; that from April 1987 until March 1988, the resignor repeatedly wrote checks on this account payable to cash for his personal use; that the contract of sale was aborted prior to closing and the ownership of the escrow moneys was disputed by the parties; that during this entire period of time the balance of the "special account" had fallen below the amount to be held in escrow; and that as a result of the dispute, in March 1988 the resignor deposited $11,550 with the Nassau County Clerk pursuant to an order of the Supreme Court, Nassau County, dated March 22, 1988.

Mr. Brass indicates in his affidavit that he could not successfully defend himself on the merits against the allegations outlined above; that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress; and that he is fully aware of the implication of submitting his resignation.

Under the circumstances herein, the resignation of E. Lawrence Brass as a member of the Bar is accepted and directed to be filed. Mr. Brass is disbarred and it is ordered that his name be stricken from the roll of attorneys and counselors-at-law effective forthwith.

MOLLEN, P. J., THOMPSON, BRACKEN, BROWN and LAWRENCE, JJ., concur.

Ordered that the resignation of E. Lawrence Brass is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, E. Lawrence Brass is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that E. Lawrence Brass shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, E. Lawrence Brass is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or

counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.